IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLTON R. CARTER,<br><br>          Plaintiff,<br><br>vs.<br><br>TOMLINSON RESTAURANT GROUP, LLC, BRIAN HESSLETINE, KATIE SCHWARTZ, ROGER MITCHELL, NICK HOLMES, (Nicholas), NICOLE CHIZNIK, (Chizek), CAMERON BARATTA, PRESTON CLAPP, and GRANT,<br><br>          Defendants. | 8:21CV227<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

### I. SUMMARY OF COMPLAINT

      Plaintiff's Complaint (Filing 1) and its Supplement (Filing 7)[1] seem to allege that the individual Defendants are employees of Defendant Tomlinson Restaurant

---

[1] The court may consider Plaintiff's Supplemental Complaint as part of his original Complaint. NECivR 15.1(b) (court may consider pro se litigants' amended pleadings as supplemental to, rather than superseding, the original pleading).

Group, LLC, and work at Hog Wild Pit Bar-B-Q in Omaha, Nebraska. Plaintiff claims he was fired from his management position at the restaurant in April 2020 after he complained to Defendants Schwartz and Hessletine about the poor work ethic of Defendant Holmes and after Defendants Grant, Schwartz, and Hessletine became aware of "an EEOC interview [Plaintiff] was having." (Filing 7 at CM/ECF p. 6.) Plaintiff also alleges that Defendant Baratta vandalized his car and Defendant Chizek "intentional[ly] sabotage[d] . . . an early a.m. vend/cater of mine" (Filing 1 at CM/ECF p. 5) in a "continued pattern of efforts for my employment demise." (Filing 1 at CM/ECF p. 6.) Plaintiff also states that a "contract . . . was manufact[u]red unlawfully & I was forced to sign or be terminated." (Filing 7 at CM/ECF p. 3.)

## II. STANDARDS ON INITIAL REVIEW

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

Very liberally construed, Plaintiff here apparently seeks to assert a claim for employment retaliation. A plaintiff need not plead facts sufficient to establish a prima facie case of employment retaliation in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the elements of a prima facie case are relevant to a plausibility

determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. DISCUSSION

**A. Title VII Retaliation Claim**

**1. Timeliness**

Plaintiff seems to be attempting to allege a claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Westlaw 2021) ("NFEPA"). The Complaint, however, fails to allege that Plaintiff has exhausted his administrative remedies, as is required.

Title VII and the NFEPA require a plaintiff to exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1) (Title VII); Neb. Rev. Stat. § 48-1120.01 (NFEPA); *see also Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1847 (2019) (describing procedure). The civil complaint may only encompass issues that are like or reasonably related to the substance of the charges timely brought before the EEOC/NEOC. *Lindeman v.*

*Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018); *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006).

Here, Plaintiff has not filed a copy of his right-to-sue notice nor has he set forth the date on which he received a right-to-sue notice from the EEOC and/or NEOC with respect to his charge of retaliation. Thus, the court cannot determine whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to file a copy of his right-to-sue notice with the court and amend his complaint to allege whether he exhausted his administrative remedies with the EEOC/NEOC and, if so, the date on which he received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances warrant tolling of the 90-day period.

**2. Substance of Retaliation Claim**

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016) (internal quotation omitted).

The first element can be shown by opposing an act of discrimination that Title VII makes unlawful or by participating in an investigation under Title VII. *Lopez v. Whirlpool Corp.*, 989 F.3d 656, 664 (8th Cir. 2021). Here, Plaintiff cryptically mentions "an EEOC interview [Plaintiff] was having." (Filing 7 at CM/ECF p. 6.) It is not clear whether he was opposing an act of discrimination against himself or another or whether he was participating in an EEOC investigation focused on

himself or another. A defendant is entitled to know the nature of the claim being brought against him or her. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian*, 760 F.3d at 848 (internal quotation marks and citations omitted). Accordingly, Plaintiff will be given leave to file an amended complaint to allege facts clarifying the nature of the EEOC interview in which he was participating.[2]

### 3. Proper Defendant

Plaintiff is warned that should his retaliation claim go forward, it can only be brought against Defendant Tomlinson Restaurant Group, LLC, because "Title VII addresses the conduct of employers only and does not impose liability on co-workers," *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006), and because Title VII "does not provide for an action against an individual supervisor," *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008).

### B. State-Law Contract Claim

By referencing a "contract [that] was manufact[u]red unlawfully [that] I was forced to sign or be terminated" (Filing 7 at CM/ECF p. 3), Plaintiff's appears to be asserting a state-law contract claim. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its

---

[2] Plaintiff has clearly alleged that he suffered a materially adverse action, as he alleges that his employment was terminated. *Jackman v. Fifth Judicial Dist. Dept. of Corr. Svs.*, 728 F.3d at 800, 804-05 (8th Cir. 2013) ("In the retaliation context, a materially adverse action is one that might have dissuaded a reasonable worker from making or supporting a charge of discrimination." (internal quotation marks and citation omitted)). Plaintiff has also alleged that his termination closely followed his participation in the EEOC interview, suggesting a causal connection between the two.

jurisdiction over any potential state-law claim. In the event that Plaintiff fails to amend his Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state-law claim, and such claim will be dismissed without prejudice to reassertion in state court. *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state law claims).

### C. Other Motions

Plaintiff has filed two Motions Requesting Appointment of Counsel. (Filings 3 & 11.) "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Pignotti*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. June 4, 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Upon consideration of these factors, the court concludes that appointment of counsel is not indicated at this time because the claims presented are not legally or factually complex, and Plaintiff's filings demonstrate his ability to investigate facts and present his claims and arguments.

Plaintiff has also filed a Motion Requesting Speedy Trial (Filing 12). Plaintiff's lawsuit will be handled in due course along with the many other cases pending on the court's pro se docket.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to allege whether he exhausted his administrative remedies with the EEOC/NEOC and, if so, the date on which he received a right-to-sue notice. Plaintiff should attach to his amended complaint a copy of any right-to-sue notice received from the NEOC/EEOC. To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show in his amended complaint that equitable or exceptional circumstances warrant tolling of the 90-day period. In his amended complaint, Plaintiff must also clarify the nature of the "EEOC interview" in which he allegedly participated and which was the supposed basis for his termination.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1), the Supplement (Filing 7), and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: December 10, 2021—amended complaint due.

5. Plaintiff's Motions Requesting Appointment of Counsel (Filings 3 & 11) and Motion Requesting Speedy Trial (Filing 12) are denied without prejudice.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 10th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge