IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLTON R. CARTER, | | |
| Plaintiff, | | **8:21CV227** |
| vs. | | |
| TOMLINSON RESTAURANT GROUP, LLC, BRIAN HESSLETINE, KATIE SCHWARTZ, ROGER MITCHELL, NICK HOLMES, (Nicholas); NICOLE CHIZNIK, (Chizek); CAMERON BARATTA, PRESTON CLAPP, and GRANT, | | **MEMORANDUM AND ORDER** |
| Defendants. | | |

After initial review of Plaintiff's pro se Complaint alleging a retaliation claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. (Westlaw 2022) ("Title VII"), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Westlaw 2022) ("NFEPA"), this court granted Plaintiff leave to file an amended complaint to allege whether he exhausted his administrative remedies with the U.S. Equal Employment Opportunity Commission ("EEOC") and/or the Nebraska Equal Opportunity Commission ("NEOC") before filing suit.  (Filing 13 at CM/ECF p. 7.) Plaintiff has now done so, but has also raised new issues. (Filing 14.)

## ALLEGATIONS IN AMENDED COMPLAINT

As to the issue of administrative exhaustion, Plaintiff's Amended Complaint includes photocopies of Plaintiff's charge of discrimination, which was filed with the NEOC/EEOC on April 23, 2020 (Filing 14 at CM/ECF p. 11), and the EEOC's right-to-sue notice dated May 10, 2021 (Filing 14 at CM/ECF p. 10). Thus,

Plaintiff's lawsuit in this court appears to have been timely filed on June 16, 2021. (Filing 1.) 42 U.S.C. § 2000e-5(f)(1) (Title VII); Neb. Rev. Stat. § 48-1120.01 (NFEPA).

Plaintiff's Amended Complaint alleges that he was terminated on April 19, 2020, from his position with Tomlinson Restaurant Group, LLC, d/b/a Hog Wild Pit Bar-B-Q, after his coworker, Defendant Grant, became aware that Plaintiff planned to participate in a telephone interview with the NEOC/EEOC on March 30, 2020, regarding Plaintiff's plan to "bring state & federal complaints against them." (Filing 14 at CM/ECF p. 3.) Plaintiff alleges that he was terminated despite the fact that he excelled at his job. (Filing 14 at CM/ECF p. 6.)

Plaintiff also alleges that "the defendants are white people I the plaintiff am a black man 54 years of age who has suffered duress, anguish, and much more from the actions of these def[endant]s . . . ." (Filing 14 at CM/ECF p. 8.) He complains that his coworkers assaulted him, called him the "N word," hired white employees and paid them more than he received, stuck nails in his car tires, and vandalized his property. When police were contacted regarding the vandalism, Plaintiff alleges that his supervisor defended the employees who committed the acts of vandalism. (Filing 14 at CM/ECF p. 5.) Further, Plaintiff states that his employer "encouraged the climate & culture." (*Id.*)

## DISCUSSION

## 1. Administrative Exhaustion of Retaliation Claim

While Plaintiff's Amended Complaint includes the proper paperwork to establish submission of his administrative claim to the NEOC/EEOC, issuance of a right-to-sue letter, and timely filing of this lawsuit, exhaustion also requires that Plaintiff raise the claims at the administrative level that he now seeks to bring in this court. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (exhaustion

2

of administrative remedies under Title VII includes claimant giving notice of all claims of discrimination in administrative complaint).

The Eighth Circuit Court of Appeals has held that although this court is to construe administrative charges liberally, the court must "not invent, *ex nihilo*, a claim that was not made before the relevant agency." *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021). Rather, the court is only to "consider those claims specifically raised and those that are like or reasonably related to the administrative charges that were timely brought." *Id.* (internal quotation marks and citation omitted). "Like or reasonably related to" means that "[e]ach incident of discrimination and each retaliatory adverse employment decision . . . be individually addressed before the EEOC." *Id.* (internal quotation marks and citation omitted). "The key is that the scope of a judicial complaint can be no broader than the scope of the EEOC investigation that could reasonably be expected to grow out of the charge in the EEOC complaint." *Id.* at 945 (internal quotation marks and citation omitted).

Plaintiff's main claim in this court (and the only claim for which he was given leave to file an amended complaint) is that his employer retaliated[1] against him by terminating his employment shortly after Plaintiff participated in a telephone meeting with the EEOC/NEOC—a meeting about which his employer allegedly knew—regarding his plan to file a claim against his employer.

However, Plaintiff's administrative charge of discrimination with the NEOC/EEOC (Filing 14 at CM/ECF p. 11) contains no allegations whatsoever

---

[1] As discussed in the court's initial review (Filing 13) of Plaintiff's original Complaint, to establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016) (internal quotation omitted).

regarding retaliation based on his contact with the NEOC/EEOC, does not check the box labeled "retaliation," and does not even mention his termination despite the fact that Plaintiff filed his administrative charge on April 21, 2020, and he says in his Complaint in this court that he was terminated on April 19, 2020. Rather, his administrative charge focuses on racial and sexual discrimination and harassment.

Because it is evident from the face of Plaintiff's Amended Complaint that the NEOC/EEOC did not have an opportunity to address Plaintiff's retaliation claim because Plaintiff did not raise it in his administrative charge, Plaintiff's retaliation claim in this court is subject to dismissal for failure to state a claim upon which relief can be granted[2] due to his failure to exhaust his administrative remedies. *Weatherly*, 994 F.3d at 945 ("We have long treated discrimination and retaliation claims as distinct for exhaustion purposes, so that exhausting one does not usually exhaust the other.").[3]

---

[2] While "failure to exhaust administrative remedies is an affirmative defense that a defendant must prove," *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007) (pro se Title VII case), a case may be dismissed for failure to state a claim upon which relief can be granted when a "plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." 5B *Federal Practice and Procedure* § 1357 (3d ed. Westlaw 2022); *see also Jones v. Bock,* 549 U.S. 199, 216 (2007) (Congress did not intend to transform exhaustion from an affirmative defense to a pleading requirement under the PLRA; however, "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim"); *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013) ("though it generally must be affirmatively pled and proved, '[i]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6)'" (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano,* 695 F.3d 758, 764 (8th Cir. 2012) (alterations in original))).

[3] To the extent Plaintiff's reference to his age in his Amended Complaint is meant to imply an age-discrimination claim, Plaintiff has also failed to exhaust his administrative remedies because his administrative charge makes no allegations whatsoever regarding his age being the basis for his treatment, nor is the "age" box checked on the charge of discrimination.

**2.  Racial Harassment**

Plaintiff now appears to also be asserting a claim for hostile-work-environment harassment based upon his race. "Hostile work environment harassment occurs [w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Jackman v. Fifth Judicial Dist. Dep't of Corr. Svs.*, 728 F.3d 800, 805 (8th Cir. 2013) (internal quotation marks and citation omitted). To succeed on such a claim under Title VII, Plaintiff must establish that "(1) he is a member of a protected class; (2) unwelcome harassment occurred; (3) there is a causal nexus between the harassment and his protected-group status; (4) the harassment affected a term, condition, or privilege of his employment; and (5) [the employer] knew or should have known of the harassment and failed to take prompt and effective remedial action." *Id*. at 805-06 (internal quotation marks and citation omitted).

Here, Plaintiff alleges, or at least implies, that his employer harassed him because he is black, resulting in an abusive work environment, and that his supervisor knew about the harassment, but rather than promptly and effectively remedying the situation, his employer defended the offending employees to police and encouraged the climate of harassment. Plaintiff's administrative charge also specifically alleged racial harassment, suggesting that Plaintiff has exhausted his administrative remedies with regard to this claim.

While Eighth Circuit cases indicate that more severe and pervasive conduct may be required than that alleged in this case,[4] this claim will be allowed to proceed

---

[4] *Jackman*, 728 F.3d at 806 ("The standard for demonstrating a hostile work environment under Title VII is demanding, and does not prohibit all verbal or physical harassment and it is not a general civility code for the American workplace." (internal quotation marks and citation omitted); "[I]n in order to find that the harassment affected a term, condition or privilege of employment, [the

because the alleged facts state a facially plausible claim for purposes of initial review. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint need not contain detailed factual allegations, but must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]"); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) ("A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties (internal quotation marks and citations omitted)).

### 3. Racial Discrimination

Plaintiff also appears to have added a race-discrimination claim. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The NFEPA also prohibits employers from discriminating against employees because of their race, color, or national origin. Neb. Rev. Stat. § 48-1104. Discrimination claims arising under the NFEPA are analyzed in the same manner as

---

plaintiff] must be able to establish that the conduct was extreme, such that intimidation and ridicule permeated the workplace."); *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 759 (8th Cir. 2004) (finding racial remarks made directly to plaintiff once a month for two years by owner and operators was insufficient to render workplace objectively hostile); *Ottman v. City of Independence*, 341 F.3d 751, 760 (8th Cir. 2003) (reversing denial of summary judgment and "conclud[ing] the district court erred in finding a triable issue for the jury" where a coworker made sexist and belittling comments to, about, and around plaintiff "on a weekly, if not daily, basis"); *Scusa v. Nestle USA Co.,* 181 F.3d 958, 967 (8th Cir. 1999) (nine incidents of unpleasant conduct and offensive comments, considered "either individually or collectively," were not "severe or pervasive enough so as to alter a term, condition, or privilege of [ ] employment."); *Ways v. City of Lincoln*, 871 F.2d 750, 754-55 (8th Cir. 1989) (upholding finding of hostile work environment where plaintiff identified approximately 50 examples of racial harassment).

discrimination claims arising under Title VII. *See Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121, 1124 n.3 (8th Cir. 2017).

Plaintiff alleges he was discriminated against based on his race. Discrimination "because of" one's race means that "a particular outcome would not have happened 'but for' the purported cause"—which here is Plaintiff's race. *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1739 (2020). "When it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision. So long as the plaintiff's [race] was one but-for cause of that decision, that is enough to trigger the law." *Id*.

The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible. To state a prima facie claim of race or color discrimination, Plaintiff must allege facts showing that (1) he is a member of a protected class; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of intentional discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011); *see also Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019); *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 990 (8th Cir. 2011).

As to the third element,

> [a]n adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge. However, minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action.

*Jackman*, 728 F.3d at 804 (internal citation omitted) (plaintiff failed to show adverse employment action when she suffered no termination, cut in pay or benefits, or changed job duties or responsibilities).

As to the fourth element, "[t]he required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly situated employees who are not in the protected class, or biased comments by a decisionmaker." *Pye*, 641 F.3d at 1019 (internal quotation marks and citations omitted); *see also Lucke*, 912 F.3d at 1087 (discussing qualities of "similarly situated" comparators).

I conclude that, for purposes of initial review, Plaintiff has plausibly alleged a race-discrimination claim because he alleges that he is a member of a protected class; that he met his employer's legitimate expectations (and indeed excelled according to many of his customers); that he suffered adverse employment actions such as receiving lower pay than his white coworkers and eventual termination; and he was subjected to racially motivated treatment, raising an inference of intentional discrimination. Further, he has exhausted his administrative remedies as to this claim because his administrative charge specifically alleges racial discrimination. (Filing 14 at CM/ECF pp. 11-12.)

## 4.  Miscellaneous Motions

Plaintiff has filed two nearly identical motions—Motion Requesting Due Process (Filing 15) and Motion Requesting Equal Protection (Filing 16)—which, as best as the court can tell, complain that this matter has not yet been resolved in his favor. The Prison Litigation Reform Act requires the court to conduct an initial review of complaints filed by plaintiffs proceeding in forma pauperis in order to determine whether the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because

8

Plaintiff was given leave to amend, two initial reviews were required. Following the court's initial review, a progression order will be issued and discovery may occur. (Filing 5 at CM/ECF pp. 4-5.) Plaintiff's Motions will be denied for the reason that this court is handling Plaintiff's case as required by federal law and established court procedures.

Plaintiff has also filed a Motion Requesting Court to Intervene (Filing 17) in which Plaintiff appears to ask the court to convince the Internal Revenue Service to cancel Plaintiff's tax debt because "Plaintiff has already been identified in eyes of the court as satisfactorily indigent." (Filing 17 at CM/ECF p. 2.) The court does not have jurisdiction to represent Plaintiff before the IRS regarding his tax liability.[5]

## CONCLUSION

Plaintiff's retaliation claim will be dismissed for failure to state a claim upon which relief can be granted because it is evident from the face of Plaintiff's Amended Complaint that Plaintiff did not exhaust administrative remedies as to that claim. However, Plaintiff's claims of (1) hostile-work-environment harassment based upon his race and (2) discrimination based upon race will go forward as against Plaintiff's former employer, Defendant Tomlinson Restaurant Group, LLC. The individual Defendants will be dismissed because "Title VII addresses the conduct of employers only and does not impose liability on co-workers," *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006), and Title VII "does not provide for an action against an individual supervisor," *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008).

IT IS ORDERED:

---

[5] Plaintiff may wish to consult the IRS website regarding how to understand and respond to a notice or letter from the IRS, https://www.irs.gov/individuals/understanding-your-irs-notice-or-letter.

1.    Plaintiff's retaliation claim under Title VII and the Nebraska Fair Employment Practice Act is dismissed for failure to state a claim upon which relief can be granted.

2.    Plaintiff's Title VII and Nebraska Fair Employment Practice Act claims of (1) hostile-work-environment harassment based upon his race and (2) discrimination based upon race will go forward as against Plaintiff's former employer, Defendant Tomlinson Restaurant Group, LLC.

3.    All Defendants besides Defendant Tomlinson Restaurant Group, LLC, shall be dismissed from this case as non-suable under Title VII.

4.    For service of process on Defendant Tomlinson Restaurant Group, LLC, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "1445 N. Rock Road, Suite 250, Wichita, KS 67206" and forward them together with a copy of the Amended Complaint (Filing 14) and a copy of this Memorandum and Order to the Marshals Service.[6] **The Marshals Service shall serve Defendant Tomlinson Restaurant Group, LLC, at 1445 N. Rock Road, Suite 250, Wichita, KS 67206**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at Defendant's registered office with a person employed therein, or by certified mail or designated delivery service to Defendant's registered office. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

---

[6] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

5.      The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6.      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

7.      Plaintiff's Motion Requesting Due Process (Filing 15), Motion Requesting Equal Protection (Filing 16), and Motion Requesting Court to Intervene (Filing 17) are denied.

8.      Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 1st day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge