IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLTON R. CARTER,<br><br>                    Plaintiff,<br><br>       v.<br><br>TOMLINSON RESTAURANT GROUP, LLC,<br><br>                    Defendant. | 8:21CV227<br><br>ORDER |

On April 1, 2022, the Court conducted an initial review (Filing No. 18) of pro se plaintiff Carlton R. Carter's ("Carter") second Amended Complaint (Filing No. 14). *See* 28 U.S.C. § 1915(e)(2). The Court dismissed Carter's retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, for failure to state a claim upon which relief can be granted because he failed to exhaust his administrative remedies as to that claim. The Court also dismissed Carter's miscellaneous claims related to tax disputes but permitted his other Title VII claims to go forward.

Now before the Court is Carter's Motion for Reconsideration (Filing No. 21) of that decision. Attached to his motion is a letter dated April 28, 2020, from the Nebraska Equal Opportunity Commission ("NEOC"). In his motion, Carter states he was unaware of what he had to submit to the Court and asks the Court to consider this new letter, which was not previously submitted. The letter states his "charge of discrimination has been AMENDED to add the harm of termination." In Carter's view, this is enough to show he exhausted his retaliation claim at the administrative level. *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (explaining a Title VII plaintiff must exhaust their administrative remedies by giving notice of their claims in the administrative complaint). While the April 28, 2020 NEOC letter mentions termination, it is devoid of allegations relating to retaliation based on Carter's protected contact with the NEOC. Carter also attached an updated administrative complaint form. On that form, Carter did not make allegations

related to retaliation in the narrative portion nor did he check the box labeled "retaliation." Despite this newly submitted NEOC letter and other documents attached to his motion, Carter still does not show he sufficiently raised or addressed his retaliation claim with the NEOC. *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021) (explaining the plaintiff must administratively exhaust each incident of discrimination or retaliation to proceed before a court).

Carter also asks for reconsideration on "the tax issue." That request is likewise denied. The Court sees no reason to alter its decision.

Finally, Carter asks for clarification as to "what is it needed for him to do in 90 days." The Court assumes Carter is referring to the April 1, 2022, Memorandum and Order, which ordered Carter to complete service of process within 90 days. Service of process was executed upon the defendant Tomlinson Restaurant Group, LLC ("Tomlinson") on April 11, 2022. Tomlinson then filed a Motion to Dismiss (Filing No. 25) on May 2, 2022. Carter must respond to Tomlinson's motion to dismiss on or before June 3, 2022.

Based on the foregoing,

IT IS ORDERED:
1. Plaintiff Carlton R. Carter's Motion for Reconsideration (Filing No. 21) is denied.
2. The Clerk of the Court is directed to mail a copy of this Order to Carter at his address of record.
3. Carter is directed to respond to Tomlinson Restaurant Group, LLC's Motion to Dismiss (Filing No. 25) on or before June 3, 2022.

Dated this 18th day of May 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge