IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLTON R. CARTER, <br><br> Plaintiff, <br><br> v. <br><br> TOMLINSON RESTAURANT GROUP, LLC, <br><br> Defendant. | **8:21CV227** <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on a Motion to Dismiss (Filing No. 25) filed by defendant Tomlinson Restaurant Group, LLC ("Tomlinson") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Tomlinson's motion to dismiss is granted in part.

## I.    BACKGROUND

Pro se plaintiff Carlton R. Carter ("Carter"), a black man, is a former employee of Tomlinson. He was terminated on or about April 2020. He filed this case on June 16, 2021. Since Carter is proceeding in forma pauperis, the Court conducted an initial review of Carter's claims to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2).

The Court determined Carter was pursuing a retaliation claim under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 42-1101 *et seq*. ("NFEPA"). The Court granted Carter leave to amend his Complaint (Filing No. 13) to give him an opportunity to show he had properly exhausted his administrative remedies with the federal Equal Employment Opportunity Commission ("EEOC") and the Nebraska Equal

Opportunity Commission ("NEOC"). Carter filed an Amended Complaint (Filing No. 14) with a copy of his charge of discrimination (the "charge") attached.

Carter's central claim is that Tomlinson retaliated against him by terminating his employment after Carter participated in an interview with the EEOC. The Amended Complaint also includes completely new and unrelated allegations, including that Carter was subject to physical assault at the hands of a coworker, had his property vandalized, had his work sabotaged, and was subject to verbal harassment, including racial slurs. Finally, Carter alleges white employees were paid the same as—and in some instances, better than—him.

Carter filed his charge with the NEOC and EEOC on April 23, 2020. In his charge, Carter checked the form's pre-printed box to indicate he was filing based on race and sex. Under "particulars," Carter described two purported incidents relating to his wages: an issue with a tax form and a delay in receiving a raise. Many of his remaining statements pertained to an alleged sexual relationship he had with a superior, along with harassment he allegedly experienced after the relationship ended. The charge also describes an incident in February 2020 in which Tomlinson employees allegedly vandalized Carter's car. Carter writes, "[T]hey admitted it to me through texts and other interactions, saying they did it because I am an 'asshole manager,' I'm mean, and I mistreat people." The EEOC issued a right-to-sue notice on May 10, 2021.

Having conducted a second review of Carter's Amended Complaint, the Court determined his retaliation claim should be dismissed for failure to state a claim. The Court also determined Carter's new allegations assert claims of a hostile work environment and discrimination based on race under Title VII and NFEPA. The Court allowed those claims to proceed against Tomlinson and dismissed the remaining named defendants.

On May 2, 2022, Tomlinson moved to dismiss Carter's Amended Complaint for failure to state a claim under Rule 12(b)(6). Tomlinson argues Carter failed to exhaust his

2

administrative remedies on the remaining claims because he did not include them in his EEOC charge. Tomlinson alternatively contends Carter failed to allege facts sufficient to state a claim on those theories. Tomlinson now presents arguments not previously considered during initial screening. Based on these arguments, Tomlinson's motion will be granted.

## II.    DISCUSSION

### A.    Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim must include facts that reasonably allow the Court to infer "the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

The Court must liberally construe pro se pleadings, *see Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014), and "if the essence of an allegation is discernible . . . the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F. 3d 912, 915 (8th Cir. 2004)).

At the pleading phase, a plaintiff need not plead facts establishing a prima facie case for their Title VII claim. *See Wilson v. Ark. Dep't. of Human Serv.*, 850 F.3d 368 (8th Cir. 2017). However, the allegations in a complaint must "give plausible support" to the prima facie requirements. *Wilson*, 850 F.3d at 372. The elements of a prima facie case "may be used as a prism to shed light upon the plausibility of the claim." *Blomker*, 831 F.3d at 1056 (citing *Rodriquez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)). The complaint "*must include sufficient factual allegations to provide the grounds on which the claim rests*." *Id*. (emphasis in original) (quoting *Gregory v. Dillard's Inc.*, 565 F.3d 464,

473 (8th Cir. 2009)).  Moreover, if an affirmative defense is apparent on the face of a complaint, that defense can provide the basis for dismissal under Rule 12(b)(6).  *See ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 728 F.3d 853 (8th Cir. 2013).

### B.    Administrative Exhaustion

#### 1.    Title VII

Before a plaintiff can bring a Title VII claim, he must first exhaust his administrative remedies with respect to that claim.  *See*, *e.g.*, *Brooks v. Midwest Heart Grp.*, 655 F. 3d 796 (8th Cir. 2011) (explaining that because the plaintiff's charge did not allege age discrimination or retaliation, those claims were unexhausted and properly dismissed); *see also Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019) (holding that Title VII's charge-filing requirement is mandatory without being jurisdictional).  The scope of a Title VII suit "is limited to the claims properly brought before the appropriate administrative body." *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020).  In other words, the Court may only consider claims plausibly alleged before the EEOC.

Tomlinson argues Carter's claims for race discrimination and hostile work environment were not sufficiently alleged to the EEOC, so Carter did not exhaust his administrative remedies with respect to those claims.  The Court agrees.

The purpose of Title VII's exhaustion requirement is "to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).  Courts liberally construe administrative charges when determining whether a plaintiff has exhausted administrative remedies, such that if allegations in a complaint are "like or reasonably related to the substance of charges timely brought before the EEOC," the administrative remedies are sufficiently exhausted. *Lindeman v. Saint Luke's Hosp. of Kan. City*, 899 F.3d 603, 608 (8th Cir. 2018) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)).

However, each specific claim of employment discrimination must be one that "reasonably could be expected to result from the administrative charge." *Parisi*, 400 F.3d at 585. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams*, 21 F.3d at 223.

Here, although Carter checked the box labeled "race," he failed to allege any facts in the narrative section of his charge which raise the issue of race discrimination. Instead, almost all the allegations in the charge relate to alleged instances of sex discrimination, a claim not included in his Amended Complaint.

Moreover, Carter's statements in the charge that Tomlinson erred on Carter's tax form and delayed giving him a raise are not related to his pleading allegations that white employees were sometimes paid more than him. Likewise, the allegations that Carter was physically assaulted and had his work sabotaged are distinct from the name-calling and single act of vandalism described in his administrative filing—acts Carter himself attributes to an unfavorable reputation, not his race.

Finally, nowhere in Carter's charge does he claim to have been terminated—an adverse employment action alleged in his Amended Complaint—nor does he claim his termination was in any way connected to his race. A termination is a discrete act to which a separate charge is required. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)); *see also Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009) (applying Morgan and stating that "[a] termination is a discrete act, not a continuing violation").

Carter's Amended Complaint clearly expands beyond the scope of his charge. *See Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) (holding the civil suit cannot be broader than the scope of the administrative charge). Even a liberal reading of

5

Carter's charge does not make the allegations in his Amended Complaint reasonably foreseeable, and the Court will not "invent, ex nihilo, a claim which simply was not made." *Parisi*, 400 F.3d at 585 (quoting *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996)); *see also Dittemore v. Transit Auth. of the City of Omaha*, No. 8:16-CV-23, 2016 WL 3945154, at *4 (D. Neb. July 19, 2016) (finding the plaintiff did not exhaust administrative remedies where, despite checking the appropriate boxes, the "charge contain[ed] nothing upon which the NEOC could have been expected to investigate disability discrimination or any discrimination on the basis of sex, race, color, national origin, or religion"). Thus, the Court finds Carter did not exhaust his administrative remedies as to his Title VII claims of race discrimination or hostile work environment, and they must be dismissed.[1]

### 2. NFEPA

Like Title VII, the NFEPA requires plaintiffs to exhaust their claims with the NEOC. However, Nebraska law provides plaintiffs a method to bypass administrative procedures. Specifically, a plaintiff may choose to instead bring suit under Neb. Rev. Stat. § 20-148[2], which provides a procedural avenue to pursue NFEPA violations without the exhaustion requirement. *See Goolsby v. Anderson*, 549 N.W.2d 153, 156 (1996); *see also Parrish v. Immanuel Medical Ctr.*, 92 F.3d 727, 734 (8th Cir. 1996) (holding a plaintiff may bring a cause of action to enforce the rights secured by NFEPA without exhausting administrative remedies prescribed by the act). Although Carter did not mention § 20-148

---

[1]Even if Carter had exhausted his administrative remedies under Title VII, the sparce allegations in his Amended Complaint fail to state a claim for hostile work environment or race discrimination and would be subject to dismissal. *See* Fed. R. Civ. P. 12(b)(6).

[2]Although the administrative process under NFEPA is bypassed by utilizing § 20-148, such claims are subject to a 300-day statute of limitations. *See Adkins v. BNSF Ry. Co.*, 615 N.W.2d 469, 473-74 (Neb. 2000).

in his Amended Complaint, there is no need to specifically plead § 20-148.  *See Trimble v. BNSF Ry. Co.*, No. 4:08CV3116, 2008 WL 2795863 at *3 (D. Neb. July 17, 2008).  Thus, his state law claims are not necessarily subject to dismissal for failure to exhaust.

Although the Court could exercise its supplemental jurisdiction over Carter's state law claims, it declines to do so because he is unable to state a claim under federal law.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting 28 U.S.C. § 1367(c)) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.") (alterations in original).  Consequently, Carter's state law claims will be dismissed without prejudice.

Based on the foregoing,

IT IS ORDERED:

1.    Defendant Tomlinson Restaurant Group, LLC's Motion to Dismiss (Filing No. 25) is granted in part and denied in part, as discussed above. Plaintiff Carlton Carter's claims pursuant to Title VII are dismissed with prejudice.

2.    The Court declines to exercise supplemental jurisdiction over the remaining claims and dismisses them without prejudice.

3.    A separate judgment will issue.

Dated this 25th day of October 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

7